UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MELVIN and VERA HARRISON | * | CIVIL ACTION |
| versus | * | NO. 06-8977 |
| UNITED FIRE GROUP and<br>LAFAYETTE INSURANCE COMPANY | * | SECTION "F" |

ORDER AND REASONS

Before the Court is plaintiffs' motion to remand. For the reasons that follow, the motion is GRANTED.

Background

Hurricane Katrina damaged the Harrisons' home in New Orleans, Louisiana. They filed claims under their homeowner's policy, but United Fire Group refused to pay the claims. The Harrisons filed a lawsuit in state court in August 2006, naming United Fire Group and Lafayette Insurance Company. The Harrisons asserted they were entitled to payment from United Fire Group for damages and losses to their property, including penalties under Louisiana law for bad-faith claims adjusting.

United Fire Group removed the case to this Court on October 24, 2006, invoking this Court's original federal subject matter or supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §§ 1369 and 1441(e)(1). The Harrisons now move to remand, arguing that the Multiparty, Multiforum Trial Jurisdiction Act does not apply to

cases arising from Hurricane Katrina.[1]

Most lawsuits filed after Hurricane Katrina focus on issues of insurance law and have been removed by out-of-state defendant insurance companies.  Multiple Sections of this Court have considered whether the Multiparty, Multiforum Trial Jurisdictional Act, 28 U.S.C. § 1369(a), provides original jurisdiction for lawsuits filed as a result of Hurricane Katrina. Unanimously, judges in this Court have agreed that it does not. See, e.g., Salvaggio v. Safeco Property & Cas. Ins. Co., 2006 WL 3068971 (E.D. La. Oct. 25, 2006)(Feldman, J.); Berry v. Allstate Ins. Co., No. 06-4922, 2006 WL 2710588 (E.D. La. Sept. 19, 2006) (Zainey, J.); Flint v. La. Farm Bureau Mut. Ins. Co., No. 06-2546, 2006 WL 2375593 (E.D. La. Aug. 15, 2006) (Duval, J.); So. Athletic Club, LLC v. Hanover Ins. Co., No. 06-2005, 2006 WL 2583406 (Sept. 6, 2006) (Lemmon, J.); Southall v. St. Paul Travelers Ins. Co., No. 06-3848, 2006 WL 2385365 (E.D. La. Aug. 16, 2006) (Barbier, J.).

United Fire Group lists twenty-one decisions from various

---

[1] The Harrisons acquired counsel on May 21, 2007, and filed this motion to remand on June 25, 2007.  Counsel for United Fire Group notes that the plaintiffs' motion to remand was filed approximately eight months from the time of removal.  Section 1447©) of Title 28 of the United States Code states that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal....  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  The plaintiffs challenge subject matter jurisdiction; therefore, this motion is appropriate.

Sections of this Court and claims that these cases support removal based upon the MMTJA. This assertion cannot be more inaccurate. Every Section in this Court has ruled that the MMTJA does not apply in Hurricane Katrina cases; therefore, no subject-matter jurisdiction can be conferred upon the Court through the MMTJA.

Accordingly, the plaintiffs' motion to remand is GRANTED. The case is hereby remanded to state court. Additionally, the plaintiffs are awarded fees and costs incurred as a result of removal.

New Orleans, Louisiana, July 5, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

3